**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HUSSEIN KHALAF, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 4:24-cv-1166 JMB |
| SAINT LOUIS UNIVERSITY, | ) ) ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

Self-represented plaintiff Hussein Khalaf initiated this civil action in the United States District Court for the Eastern District of Wisconsin in June 2024. *See* ECF No. 1. In his complaint, Plaintiff alleges that defendant Saint Louis University (SLU) unfairly and unjustly expelled him. *Id.* at 3. According to Plaintiff, in June 2022, SLU informed him that he had been expelled because he did not come to his expulsion hearings. However, at the time of those hearings, Plaintiff was in jail and could not attend. Plaintiff alleges that SLU should have known he was in jail based on the media coverage of his arrest, and he asserts that SLU actually expelled him due to his pending criminal charges. *Id.*; *see United States v. Khalaf*, No. 4:22-cr-62-HEA-1 (E.D. Mo.) (criminal charges of blackmail and cyberstalking filed against Plaintiff on January 24, 2022). Plaintiff brings suit under federal law – but he does not specify the law – and he asks the Court to vacate his expulsion order from SLU. *Id.* at 4.

In June 2024, the Eastern District of Wisconsin considered Plaintiff's motion to proceed without prepaying fees and costs (ECF No. 2) and directed that he pay an initial partial filing fee of $7.21. ECF No. 6.[1] After Plaintiff paid the partial fee, the Wisconsin court ordered that the

---

[1] Although the Eastern District of Wisconsin's Order discussed Plaintiff's motion to proceed without prepayment and directed Plaintiff to make his first partial payment, it did not officially rule Plaintiff's motion. In its later-issued order

case be transferred, finding a lack of personal jurisdiction over the defendant and that venue is proper in the Eastern District of Missouri. ECF No. 9. The case was transferred and opened in this Court on August 26, 2024. ECF No. 10.

In the order of transfer, the Wisconsin court acknowledged that Plaintiff had also filed a similar case, against the same defendant, in this Court: *Khalaf v. Saint Louis University*, No. 4:24-cv-762-MTS (E.D. Mo. filed May 31, 2024). In the Missouri-filed case, Plaintiff's complaint was struck from the record under Federal Rule of Civil Procedure 12(f)(1) on July 12, 2024. *Id.* at ECF No. 3. The Wisconsin court recognized that it could not be certain whether the struck Missouri-filed complaint was identical to the Wisconsin-filed complaint but acknowledged that the complaints were filed only six days apart and contained some of the same language. ECF No. 9 at. 7-8. Ultimately, the Wisconsin court stated that this Court should screen the complaint and determine whether it is identical to complaint that was struck from the record. *Id.* at 8.

This Court's review of the record indicates that the complaint in this matter contains the same inappropriate language which resulted in the Court striking the Missouri-filed complaint in case no. 4:24-cv-762-MTS. As the Court stated in that case:

> The Court finds that Plaintiff needlessly included in his Complaint information that was both immaterial as well as impertinent and scandalous. Plaintiff repeatedly referred to a nonparty as "immoral," a "sex worker," and being "known among her peers . . . for her sexual relationships." … For this reason, the Court will strike the Complaint. *See* Fed. R. Civ. P. 12(f)(1) (providing that the Court, "on its own," may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").
>
> Plaintiff may file an Amended Complaint, but he may not include any redundant, immaterial, impertinent, or scandalous material within it. *See id.* While Plaintiff is free to reference and discuss the nonparty at issue in his Amended Complaint, he

---

of transfer, the Court stated that it could not address Plaintiff's motion to proceed without prepayment because it lacked personal jurisdiction over the defendant. *See* ECF No. 9 at 6. Because the federal statute on proceedings *in forma pauperis* (or without prepayment of fees and costs), 28 U.S.C. § 1915, only contemplates the collection of an initial partial payment when a plaintiff's motion to proceed without prepayment is granted, the Court finds that it is appropriate to grant Plaintiff's motion here. *See* 28 U.S.C. § 1915(b)(1).

2

> may only do so to the extent that it is material to his claim. His lurid opinions on the morality of anyone are unnecessary and improper. In addition, because of Plaintiff's disregard for Rule 12(f), the Court will require any reference Plaintiff makes to this individual in any future filing be made by her initials only; Plaintiff shall not include the name of this nonparty in his filings.

*Khalaf v. Saint Louis University*, No. 4:24-cv-762-MTS, ECF No. 3 at 1.

As such, the Court will now strike the complaint (ECF No. 1) filed in this matter for containing information that is both immaterial as well as impertinent and scandalous. *See* Fed. R. Civ. P. 12(f)(1). Like the complaint filed in case no. 4:24-cv-762-MTS, the complaint in this matter references a nonparty[2] as "immoral," a "sex worker," and being "known among her peers … for her sexual relationships."

If Plaintiff wishes to proceed in this matter, he must file an amended complaint on the Court-provided form within thirty (30) days. The amended complaint may not contain any redundant, immaterial, impertinent, or scandalous material. Plaintiff shall only reference the nonparty at issue to the extent it is material to his claim. In addition, Plaintiff should refer to this nonparty with her initials only and not her full name.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without prepayment of fees [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike Plaintiff's complaint [ECF No. 1] in this matter. *See* Fed. R. Civ. P. 12(f)(1).

---

[2] This nonparty is also the victim in the 2022 criminal case filed against Plaintiff in this Court. *See United States v. Khalaf*, No. 4:22-cr-62-HEA-1 (E.D. Mo. filed Jan. 24, 2022). Plaintiff pled guilty in that matter on December 1, 2022, to a single count of blackmail. *Id.* at ECF No. 80. However, in April 2023, Plaintiff filed a motion to withdraw his plea of guilty. *Id.* at ECF No. 111. On April 25, 2023, the motion was denied, and Plaintiff was sentenced to time served. *Id.* at ECF Nos. 118 & 120. Plaintiff's appeal of the matter was denied but his motion to vacate under 28 U.S.C. § 2255 is still pending with this Court. *Id.* at ECF Nos. 145 & 147; *see Khalaf v. United States*, No. 4:24-cv-651-HEA (E.D. Mo. filed May 10, 2024).

**IT IS FURTHER ORDERED** that that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Civil Complaint form.

**IT IS FINALLY ORDERED** that no later than **thirty (30) days** from the date of this Order, Plaintiff shall file an amended complaint in compliance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the instructions provided in this Order. Failure to do so will result in the dismissal of this action without further notice.

Dated this 9th day of September, 2024.

／s/ John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE