**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HUSSEIN KHALAF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-01166-JMB |
| | ) | |
| SAINT LOUIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Self-represented Plaintiff Hussein Khalaf filed this civil suit against Saint Louis University after he was expelled. Plaintiff's original Complaint was struck from the record for containing immaterial, impertinent, and scandalous information. ECF No. 12. After the Court reviewed his Amended Complaint, Plaintiff was ordered to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction and specifically, to plead the amount in controversy. ECF No. 14. The Court finds that Plaintiff's response to the Show Cause Order provides sufficient support for damages that could plausibly exceed the required minimum for diversity jurisdiction. *See* ECF No. 15. Now that the Court is satisfied as to jurisdiction, because Plaintiff is proceeding *in forma pauperis*, Plaintiff's pleadings must be reviewed under 28 U.S.C. § 1915 for frivolity, failure to state a claim, and/or seeking relief from an immune defendant. *See* ECF Nos. 6 & 12. Based on such review, the Court will direct Plaintiff to file a second amended complaint, on the Court-provided form, in compliance with the instructions set out below. Plaintiff is warned that his failure to comply with this Order in a timely manner could result in dismissal of this case without further notice.

**Plaintiff's Pleadings**

Plaintiff's Amended Complaint alleges that defendant Saint Louis University expelled him in May 2022 "without a chance for [him] to defend [himself] against their accusations" or "allow [him] to appeal their decision." ECF No. 13 at 5. Plaintiff does not state the University's "accusations" against him or their reasoning for expelling him. But, because of his expulsion, Plaintiff asserts that he suffered financial losses and "loss [of] 5 years of [his] phD studies," as he had been a student at the University since 2018. *Id.* at 4-5. In terms of relief, Plaintiff requests "a fair chance for a hearing" and for the University to reconsider his expulsion so that he can "at least … continue [his] phD dream in another University." *Id.* at 5-6.

On February 5, 2025, Plaintiff filed a response to the Court's Order to Show Cause explaining that, at the time of his expulsion, he was an employee of an Iraqi university, contractually obligated to successfully meet the PhD degree requirements of Saint Louis University before returning to Iraq. ECF Nos. 15 at 1 & 15-1 at 4. He alleges that Saint Louis University "played a major role" in his inability to complete his PhD requirements "by expelling [him] under Title IX without even letting [him] defend [himself] in any hearing." ECF No. 15 at 1. Plaintiff further explains that his expulsion damaged his reputation, making it "almost impossible" to be admitted to other schools to complete his studies. *Id.* at 2. Also, Plaintiff suffered humiliation when he arrived for a December 14, 2022 meeting with the St. Louis University Dean of Students to discuss his expulsion and "they called public safety and police." Plaintiff alleges this was "a pure act of racism" and that "a lot of what happened" was because of his race and nationality. *Id.*

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

## Discussion

Plaintiff states that Saint Louis University unfairly expelled him in May of 2022, but he does not allege enough facts in his pleadings for the Court to decipher the legal basis of his claim.  Although self-represented complaints must be liberally construed, *Erickson*, 551 U.S. at 94, nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state

a claim as a matter of law.  *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983).  A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.  The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).  To state a plausible cause of action, "[a] pleading that merely pleads . . . naked assertions devoid of factual enhancement will not suffice."  *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

In order for this case to survive review under 28 U.S.C. § 1915, Plaintiff must provide sufficient factual support for the Court to find that he has stated a plausible legal claim.  To the extent Plaintiff seeks relief under Title IX, he must explain how he was excluded participation in, denied benefits of, or subjected to discrimination on the basis of his sex.  *See* 20 U.S.C. § 1681(a) (prohibiting covered institutions from "exclud[ing] [anyone] from participation in ... any education program or activity" on "the basis of sex").[1]  It is not enough for Plaintiff to simply allege that he was unfairly expelled from Saint Louis University; he must provide enough facts to support such a claim.

Plaintiff is advised that the filing of a second amended complaint **completely replaces** all previously filed complaints and supplements, and so it must include all claims Plaintiff wishes to bring.  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citing 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1476, pp. 636-37 (3d ed. 2010))); *In re Wireless Tel. Fed. Cost Recovery Fees*

---

[1] Furthermore, to the extent that Plaintiff is attempting to assert a civil rights violation under federal law 42 U.S.C. § 1983, the Court notes that courts have consistently found private universities to not be subject to § 1983 liability. *See Magee v. Tr. of the Hamline University., Minn.*, 747 F.3d 532, 534 (8th Cir. 2014) (finding a private university to not be a state actor and thus not subject to liability under § 1983); *Duncan v. Belmont Univ.*, No. 2:24-CV-04172-WJE, 2025 WL 359326, at *6 (W.D. Mo. Jan. 31, 2025) (same).

*Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").  Any claims from Plaintiff's prior pleadings that are not included in the second amended complaint will be deemed abandoned and will not be considered.

In addition, the second amended complaint must comply with the Federal Rules of Civil Procedure.  *See* E.D. Mo. L.R. 2.06(A).  The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant.  *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and the facts supporting his claims as to each named defendant.  *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances).  Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

### Conclusion

Plaintiff must file a second amended complaint such that the Court can determine whether his pleadings survive § 1915 review and so that defendant has notice of the misconduct alleged.  If Plaintiff fails to file a second amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file a second amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this <u>2nd</u> day of April, 2025.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE