**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| HUSSEIN KHALAF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-01166-JMB |
| | ) | |
| SAINT LOUIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Hussein Khalaf filed this civil suit against Saint Louis University after he was expelled from the University in May 2022.  After review of Plaintiff's pleadings under 28 U.S.C. § 1915, the Court directed Plaintiff to file a second amended complaint on April 2, 2025. ECF No. 16.  The Court warned Plaintiff that he had not alleged enough facts for the Court to decipher what legal claims he was attempting to assert.  Now before the Court is Plaintiff's Second Amended Complaint (ECF No. 17), which is nearly identical to Plaintiff's prior pleadings. Plaintiff does not identify, and the Court cannot discern, any viable legal theory of recovery.  Based on a careful review and liberal construction of all of Plaintiff's pleadings, this case will be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Background**

## I. Case Procedural History

Plaintiff initiated this action in the Eastern District of Wisconsin in June 2024 against defendant Saint Louis University (SLU). ECF No. 1. At that time, Plaintiff was being held in a Wisconsin jail in the custody of Immigration and Customs Enforcement (ICE). The case was transferred here in August 2024. ECF Nos. 9-10. In September 2024, Plaintiff's original Complaint was struck from the record for containing immaterial, impertinent, and scandalous information. ECF No. 12. After the Court reviewed his Amended Complaint, Plaintiff was

ordered to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction and specifically, to plead the amount in controversy. ECF No. 14. Based on Plaintiff's response, the Court found that Plaintiff provided sufficient support for damages that could plausibly exceed the required minimum for diversity jurisdiction. ECF No. 16.

However, upon review of Plaintiff's Amended Complaint under 28 U.S.C § 1915, the Court explained the pleading deficiencies and directed Plaintiff to file a second amended complaint to cure them. *Id.* The Court warned Plaintiff that he must provide enough facts for the Court to decipher the legal basis of his claim, if he wanted this case to proceed. *Id.* at 3. Plaintiff did not heed the Court's warnings when he filed his nearly identical Second Amended Complaint on April 28, 2025, with the same pleading deficiencies.

## II.    Plaintiff's Background: Other Relevant Cases in this Court

According to this Court's records, Plaintiff was arrested in January 2022 on charges of blackmail and cyberstalking.[1] *See United States v. Khalaf*, No. 4:22-cr-62-HEA-1 (E.D. Mo.). The Court held a detention hearing and ordered that Plaintiff be detained. According to public documents filed in the case, Plaintiff was a Ph.D. candidate and employed as a teacher's assistant at SLU when he was arrested. *Id.* at ECF No. 21 at 3. Plaintiff was charged with cyberstalking a fellow SLU student, with threats of physical harm and disclosure of sensitive information. *Id.* In March 2022, Plaintiff sought review of his detention order, but the Court denied his release and the Eighth Circuit affirmed. *Id.* at ECF Nos. 24, 36, 37, 46, 52. After multiple continuance requests by both parties, Plaintiff plead guilty on December 2, 2022, to one count of blackmail. *Id.* at ECF No. 80. He was released from confinement the next day. *Id.* at ECF No. 82.

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

Soon after his plea and release, Plaintiff filed a motion to withdraw his guilty plea, making multiple arguments including that his attorney had misled him about the immigration consequences of his guilty plea. *Id.* at ECF Nos. 86, 111. The motion to withdraw was denied in April 2023, and Plaintiff was sentenced to time served and one year of supervised release. *Id.* at ECF Nos. 118, 120. In February 2024, the Eighth Circuit affirmed the district court's denial of Plaintiff's motion to withdraw his plea. *United States v. Khalaf*, No. 23-2159, 2024 WL 765039 (8th Cir. Feb. 26, 2024). The appellate court noted in its opinion that Plaintiff was warned in both his plea agreement and at his change of plea hearing that his immigration status may be affected by his agreement to plead guilty. *Id.* at *1.

In May 2024, Plaintiff initiated a 28 U.S.C. § 2255 habeas corpus action in this Court, regarding his criminal conviction for blackmail. *Khalaf v. USA*, No. 4:24-cv-00651-HEA (8th Cir. filed May 10, 2024). In his pleadings, Plaintiff states that he was taken into ICE custody on May 1, 2023. *Id.* at ECF No. 1 at 2. According to the government's response to Plaintiff's request for habeas relief, Plaintiff was deported back to Iraq in the summer of 2024. *Id.* at ECF No. 17 at 8. As of the date of this Order, this habeas case is still pending with the Court.

### Plaintiff's Pleadings

The Court recognizes that the filing of an amended complaint completely replaces all previously filed complaints and supplements, making the amended complaint the only pleading requiring review by the Court. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). However, the Court also recognizes its obligation to liberally construe all self-represented pleadings and consider any discernible allegations. *See Erickson*, 551 U.S. at 94; *Solomon*, 795 F.3d at 787. In light of Plaintiff's self-represented status and the Court's duty to liberally construe self-represented

pleadings, the Court will look to all of Plaintiff's pleadings to try to understand Plaintiff's legal claims. *See Edmonds v. Meyer*, 842 F. App'x 13 (8th Cir. 2021) (looking to self-represented plaintiff's initial complaint (after he had filed an amended complaint) to understand his intended claims) (citing *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (explaining that courts should construe pro se complaints liberally, meaning that "if the essence of an allegation is discernible," even if not "pleaded with legal nicety," the complaint should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework")).

Plaintiff's Amended Complaint alleges that defendant SLU expelled him in May 2022 "without a chance for [him] to defend [himself] against their accusations" or "allow [him] to appeal their decision." ECF No. 13 at 5. Plaintiff does not state SLU's "accusations" against him or their reasoning for expelling him. But, because of his expulsion, Plaintiff asserts that he suffered financial losses and "loss [of] 5 years of [his] phD studies," as he had been a student at SLU since 2018. *Id.* at 4-5. In terms of relief, Plaintiff requests "a fair chance for a hearing" and for SLU to reconsider his expulsion so that he can "at least … continue [his] phD dream in another University." *Id.* at 5-6.

On February 5, 2025, Plaintiff filed a response to the Court's Order to Show Cause explaining that, at the time of his expulsion, he was an employee of an Iraqi university, contractually obligated to successfully meet SLU's Ph.D. degree requirements before returning to Iraq. ECF Nos. 15 at 1 & 15-1 at 4. He alleges that SLU "played a major role" in his inability to complete his Ph.D. requirements "by expelling [him] under Title IX without even letting [him] defend [himself] in any hearing." ECF No. 15 at 1. Plaintiff further explains that his expulsion damaged his reputation, making it "almost impossible" to be admitted to other schools to complete his studies. *Id.* at 2. Also, Plaintiff suffered humiliation when he arrived for a December 14, 2022

meeting with the SLU's Dean of Students to discuss his expulsion and "they called public safety and police."  Plaintiff alleges this was "a pure act of racism" and that "a lot of what happened" was because of his race and nationality.  *Id.*

Plaintiff's Second Amended Complaint is nearly identical to his First.  *Compare* ECF No. 17 *with* ECF No. 13.  The first four pages are exactly the same.  Plaintiff makes minor word-choice changes in his brief 'Statement of Claim' section, but he provides no additional facts from which the Court can decipher his legal claims.  ECF No. 17 at 5.  The only significant change in the Second Amended Complaint is in Plaintiff's requested relief.  In his First Amended Complaint, Plaintiff stated that he had significant financial losses but didn't want any money back.  ECF No. 13 at 6.  However, in his Second Amended Complaint, Plaintiff seeks reimbursement for losses which include rent, living expenses, the penalty he had to pay for not completing his program, and mental damage.  ECF No. 17 at 6.

Finally, the Court notes that in his original pleading filed in the Wisconsin District Court,[2] Plaintiff alleged that after his arrest in January 2022, he asked a friend "to submit a leave of absence to SLU because he won't be able to attend Spring Semester of 2022."  ECF No. 1 at 2-3.  In May 2022, Plaintiff asked the same friend to file another leave of absence.  *Id.* at 3.  According to Plaintiff, SLU denied that leave and told Plaintiff to call them.  When Plaintiff called in June 2022, he was told that he had been expelled on May 7, 2022, and that the decision was final.  He was told that the reason for expulsion was not related to his pending criminal charges but was because he failed to appear for his hearings.  Plaintiff argued that he received no notice of the hearings and that he could not attend due to being in jail.  SLU said they informed him of the hearings by email

---

[2] As noted above, the Court struck Plaintiff's original Complaint (ECF No. 1) from the record for containing immaterial, impertinent, and scandalous material about a nonparty.  ECF No. 12 (citing Fed. R. Civ. P. 12(f)(1)).  However, Plaintiff provided some allegations in that Complaint, that he did not provide in other pleadings, that are necessary for attempting to understand his legal claims.  None of the immaterial and scandalous material concerning the nonparty will be considered or discussed.

and that they did not know he was in jail. Plaintiff states that SLU's expulsion hearings started on January 26, 2022, which was soon after his arrest. He states that he went to SLU in person after his release in December 2022 to contest his expulsion, but he was escorted off campus by the police. *Id.*

## Discussion

Plaintiff alleges that SLU unfairly expelled him in May of 2022, but the legal basis of his claim is unclear. Although self-represented complaints must be liberally construed, *Erickson*, 551 U.S. at 94, nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914. Furthermore, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). To state a plausible cause of action, "[a] pleading that merely pleads . . . naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

Based on a review of the evidence before the Court, it appears that SLU held an initial hearing in January 2022, when Plaintiff was not present for the start of the spring semester classes. Although Plaintiff states that he requested a leave of absence in January 2022, there is no evidence he was granted a leave. Over the next few months, Plaintiff did not appear for spring classes, did not respond to SLU's emails, and did not appear for scheduled hearings. Plaintiff argues that SLU should have known that he was incarcerated due to media coverage of his criminal case, but he presents no evidence that SLU had actual knowledge of his detention. Furthermore, Plaintiff never contests SLU's statement that he was notified by email about the hearings. Once the semester was

complete (or nearly complete) and Plaintiff had failed to appear for classes or hearings, Plaintiff was officially expelled in early May 2022.

Plaintiff does not deny that SLU sent hearing notices by email. Plaintiff does not deny that he failed to attend classes for a full semester. He does not deny that hearings were held on his expulsion – he just argues that he was not present. Plaintiff alleges that he was denied a chance to defend himself against the "accusations" made against him, but he never actually states what those accusations were. Regardless, Plaintiff states that the actual reason for his expulsion was not related to any unstated "accusations," but was due to his failure to appear at hearings. Plaintiff never explains why his absence from hearings or classes should have been excused by his criminal detention. Plaintiff never explains why his inability to fulfill his obligations as a graduate student (and teacher's assistant) should be excused. Although Plaintiff concludes that SLU expelled him due to his race or national origin, there are no facts supporting this accusation.

As discussed in more detail below, after careful review and liberal construction of Plaintiff's pleadings, the Court cannot discern a valid legal theory of recovery based on the facts alleged. As such, this case will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## I.    Due Process Claim Fails

Plaintiff asserts that he was expelled without notice and without being given the right to defend himself, and that once the expulsion was complete, he was not allowed to appeal the decision. To the extent Plaintiff is attempting to assert a common law due process claim against SLU, this claim fails. "In the context of university disciplinary dismissals, a university can fail to provide due process by (1) failing to substantially follow its established procedures—that is, failing to comply with procedural due process, or (2) taking disciplinary action against a student that is

arbitrary, unreasonable, or in bad faith—that is, failing to comply with substantive due process." *Doe v. Dordt Univ.*, 616 F. Supp. 3d 872, 907 (N.D. Iowa 2022).

In this case, Plaintiff does not allege that SLU had any established policies or procedures entitling him to particular procedural safeguards. Plaintiff does not point to any SLU policy that gives him a right to appeal an expulsion decision. As to a right to notice and hearing, Plaintiff does not deny that SLU provided notice by email and does not deny that hearings occurred. Nor does Plaintiff provide any facts demonstrating that the procedure provided by SLU was fundamentally unfair. *See Voltarelli v. Immaculata Univ.*, 614 F.Supp.3d 158,165-66 (E.D. Pa. 2022).

Finally, there are no facts alleged that could support a claim that SLU's expulsion decision was arbitrary, unreasonable or in bad faith. Plaintiff was a graduate student and teaching assistant who failed to appear for classes for a whole semester. Nothing in the record supports the accusation that Plaintiff's expulsion was based on anything else. For these reasons, Plaintiff fails to state a common law due process claim.

## II.   Title IX Claim Fails

Plaintiff mentions Title IX in his show cause response to the Court. However, Plaintiff fails to allege that he was excluded participation in, denied benefits of, or subjected to discrimination on the basis of his sex, as required to state a Title IX claim. *See* 20 U.S.C. § 1681(a) (prohibiting covered institutions from "exclud[ing] [anyone] from participation in ... any education program or activity" on "the basis of sex"); *Wells by & through Glover v. Creighton Preparatory Sch.*, 82 F.4th 586, 591 (8th Cir. 2023). Plaintiff fails to provide any facts supporting a claim that he was unfairly expelled from SLU on the basis of his sex. Similarly, there is no evidence that gender bias was a motivating factor in Plaintiff's expulsion. *See Rossley v. Drake Univ.*, 979 F.3d 1184, 1192-96 (8th Cir. 2020). As such, Plaintiff fails to state a claim under Title IX.

## III.    Discrimination Claim Fails

Plaintiff states that SLU told him he had been expelled for failing to appear for hearings. However, Plaintiff argues that he was actually expelled due to discrimination based on his race and national origin.  Plaintiff states that his expulsion was "a pure act of racism" and that "a lot of what happened" was because of his race and nationality.  ECF No. 15 at 2.  Although racial discrimination is generally not allowed under federal law, *see* U.S. Const. amend XIV, § 1, Plaintiff does not claim reliance on federal law.  Nevertheless, based on the facts alleged, the Court cannot discern a legal theory for recovery based on discrimination here.

Plaintiff fails to state a cause of action for race discrimination under 42 U.S.C. § 1981 because he does not allege that there is any contractual relationship between the parties that granted Plaintiff rights, and that SLU acted with discriminatory intent when it interfered with those rights. *See Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).  Even if a contractual relationship was alleged, Plaintiff's conclusory allegation that SLU expelled him due to race is not enough to state a § 1981 claim.

Although Plaintiff does not allege racial discrimination in employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, records before the Court do indicate that Plaintiff worked as a teacher's assistant for SLU.  Title VII makes it unlawful for an employer to discriminate against an individual on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  To establish a prima facie case of Title VII discrimination, a plaintiff must show that he: (1) is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).  Any attempt at stating a Title VII claim here fails because Plaintiff cannot show that he

was meeting legitimate job expectations when he failed to show up for classes during the spring semester.  Furthermore, there are no allegations of disparate treatment from similarly situated employees outside of his protected class.

Similarly, Plaintiff does not allege that SLU receives federal funding, as required to support a claim of racial and national origin discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*  Even if Plaintiff had made such an allegation, Plaintiff does not provide evidence establishing that he was treated differently from similarly situated students outside his protected class, as required to state a Title VI discrimination case.  *See Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 355-56 (8th Cir. 2020).

Any attempt at a civil rights claim under 42 U.S.C. § 1983 also fails here.  Defendant SLU is a private university.  Courts have consistently found private universities to not be subject to § 1983 liability because they are not state actors.  *See Magee v. Tr. of the Hamline University., Minn.*, 747 F.3d 532, 534 (8th Cir. 2014) (finding a private university to not be a state actor and thus not subject to liability under § 1983); *Duncan v. Belmont Univ.*, No. 2:24-CV-04172-WJE, 2025 WL 359326, at *6 (W.D. Mo. Jan. 31, 2025) (same).

As such, based on the pleadings before the Court, Plaintiff fails to state a claim based on race or national origin discrimination against defendant SLU.

## IV.    Breach of Contract Claim Fails

Finally, to the extent Plaintiff is attempting to bring a breach of contract claim here, this claim also fails.  "Under Missouri law, a breach of contract action requires a plaintiff to allege 1) the existence and terms of a valid and enforceable contract between the plaintiff and defendant; 2) the rights of the plaintiff and the obligations of the defendant under the contract; 3) breach of the contract by the defendant; and 4) damages suffered by the plaintiff due to the breach."  *Doe v. St. Louis University School of Medicine*, No. 4:12CV905SNLJ, 2013 WL 1305825, at *13 (E.D. Mo.

Mar. 28, 2013) (citations omitted).  A party fails to state a breach of contract claim if the claimant's rights and defendant's obligations under the contract are not alleged.  *Id.*  Such is the case here.

Plaintiff does not assert that a contract existed between the parties or that SLU breached any contractual rights.  Similarly, Plaintiff fails to identify any specific obligations for either party that might be created by an oral contract or a student handbook.  *Id.* at *15; *see also Hajjar-Nejad v. George Washington Univ.*, 37 F.Supp.3d 90 (D.D.C. 2014).  Finally, because Plaintiff does not assert the existence of a contract, he cannot establish a violation of the covenant of good faith and fair dealing.  *Doe*, 2013 WL 1305825, at *15 (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 914 (8th Cir. 2007)).

### Conclusion

Based on a careful review and liberal construction of all of Plaintiff's self-represented pleadings, the Court finds that Plaintiff fails to state a claim upon which relief may be granted.  Plaintiff does not allege enough facts to support a legal theory of recovery.  This case is dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of July, 2025.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE